UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-05310-MWF (AGR) | **Date:** October 17, 2024 |
| **Title:** | Arash Bagherabadi v. BMW Financial Services NA, LLC | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court is Plaintiff Arash Bagherabadi's Motion to Remand (the "Motion"), filed on July 23, 2024.  (Docket No. 13).  Defendant BMW Financial Services NA, LLC filed an Opposition on August 26, 2024.  (Docket No. 17).  Plaintiff filed a Reply on September 2, 2024.  (Docket No. 19).

The Motion was noticed to be heard on **September 16, 2024**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff commenced this action in Ventura County Superior Court on November 14, 2023.  (Complaint (Docket No. 1-1)).  Plaintiff alleges that Defendant induced him to enter into a lease agreement that included unconscionable terms or Defendant subsequently interpreted the terms of the lease agreement in its favor and in an unreasonable manner.  (*See generally id.*)

In his Complaint, Plaintiff alleged the following causes of action: (1) fraud and deceit; (2) breach of implied covenant of good faith and fair dealing; (3) violation of California Business & Professions Code section 17200, *et seq.*; (4) violation of

---

**CIVIL MINUTES—GENERAL**                                                                                                       1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05310-MWF (AGR)     **Date:** October 17, 2024
**Title:**     Arash Bagherabadi v. BMW Financial Services NA, LLC

California Business & Professions Code section 17500, *et seq.*; and (5) violation of California Consumer Legal Remedies Act.  In his prayer for relief, Plaintiff sought $338,758.93 in damages.  (Complaint at 38).

On June 24, 2024, Defendant removed this action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).  (Notice of Removal (Docket No. 1) ¶ 3).

On July 23, 2024, Plaintiff requested the Court dismiss its cause of action for fraud and deceit and strike his request for punitive damages.  (Docket No. 12).  The Court granted Plaintiff's request on July 24, 2024.  (Docket No. 15).

Plaintiff now moves to remand this case to Ventura County Superior Court.

## II. LEGAL STANDARD

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c).  In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction.  *See* 28 U.S.C. § 1441.

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing party has the burden to establish that it was proper to do so.  *Id.*  "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."  *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

## III. DISCUSSION

A district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000 and complete diversity of citizenship exists between the plaintiffs and defendants.  28 U.S.C. § 1332(a).  Here, the parties do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05310-MWF (AGR)          **Date:** October 17, 2024
**Title:**     Arash Bagherabadi v. BMW Financial Services NA, LLC

not dispute that there is diversity of citizenship. Instead, Plaintiff argues that Defendant has failed to demonstrate the amount in controversy exceeds $75,000 because Plaintiff's post-removal amendment to the pleadings reduced the amount in controversy below the jurisdictional requirement.

"[T]he amount in controversy is determined by the complaint operative at the time of the removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). The Ninth Circuit specifically instructs that, "when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Id.* at 417; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). Accordingly, Plaintiff's post-removal amendment to the pleading is irrelevant.

In his Complaint, Plaintiff explicitly pled damages exceeding $75,000. As such, the amount-in-controversy requirement was "presumptively satisfied" unless "it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Because it appears Plaintiff, in good faith, demanded over $75,000 in damages, the Court has diversity jurisdiction over Plaintiff's causes of action.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.